UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIRST BAPTIST CHURCH,

      Plaintiff,

      v.

BROTHERHOOD MUTUAL INSURANCE
COMPANY,

      Defendant.

Case No. 25-1220-JWB-ADM

## ORDER

This matter comes before the court on the parties' Joint Motion for Enlargement of Time to All Remaining Deadlines and Vacation of Pretrial Conference.  (ECF 36.)  By way of this motion, the parties ask the court to extend all remaining deadlines by two months and vacate the pretrial conference setting.  (ECF 36.)  As explained below, the motion is granted in part and denied in part.   The parties have not shown good cause for an extension, but, as a practical matter, the court must vacate the pretrial-conference and dispositive-motion deadlines given the state of discovery.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts."  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension of time to designate an expert witness); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (applying the standard to a motion to amend filed after the scheduling order deadline); *see also*

1

FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension).   The good-cause standard generally requires the moving party to provide an adequate explanation for the delay.   *Testone*, 942 F.3d at 988.   The court is "afforded broad discretion in managing the pretrial schedule."   *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Here, the parties state that they have exchanged written discovery and defendant Brotherhood Mutual Insurance Company ("Brotherhood") responded to written discovery and produced documents on April 9.   And Brotherhood granted plaintiff First Baptist Church ("the Church") a 30-day extension of time to respond to Brotherhood's discovery, such that Brotherhood will not receive those responses until after the close of discovery on May 15.   (ECF 36, at 2.) The parties further state that they "have been working in good faith to schedule and take depositions, including expert depositions," but due to "scheduling difficulties and busy schedules," they are "in need of additional time to take the requested and necessary depositions."   (*Id*.) According to the motion, the Church has taken one deposition of a Brotherhood desk adjuster and intends to take depositions of Brotherhood's retained expert, non-retained expert, a former adjuster, and a 30(b)(6) representative, while Brotherhood intends to take depositions of the Church's retained and non-retained experts, a 30(b)(6) representative, and a representative of the Church's contractor who prepared the repair estimates the Church relies on.   (*Id.*)

The court already allowed a lengthy discovery period for this case.   The parties were free to begin discovery by November 14, 2025, at the latest.   *See* FED. R. CIV. 26(d)(1) (parties may seek discovery after the Rule 26(f) conference in most cases).   The scheduling order provided a discovery deadline of May 15, 2026.   (ECF 13, at 2.)   So the parties had a six-month discovery period, which is longer than most insurance-related contract cases before this court.   This should

have been an adequate time period for the parties to complete discovery if they had been diligent. Yet the docket reflects that the parties did not even begin to serve written discovery until 3-4 months into the discovery period.  (ECF 21, 24.)  Brotherhood's agreement to the Church's service of discovery responses after the close of discovery is not a valid excuse to push back all scheduling order deadlines by two months.  Nor are the outstanding depositions, which should have been scheduled and completed by now.

Indeed, in ruling on a prior motion to extend expert disclosure deadlines in this case, the court specifically admonished the Church for not meeting the good-cause requirement, which "obligates the moving party to provide an adequate explanation for any delay" and "show diligent efforts to meet the deadline imposed."  (ECF 20, at 2.)  The court granted that motion because there was "latitude in the current schedule to extend the expert disclosure deadlines by 45 days while keeping the discovery completion deadline firm."  (*Id*.)  More importantly, the court specifically cautioned the parties that it "is not likely to grant any further extensions of the case schedule."  (*Id.* at 2-3.)  So the parties should have known that the remaining scheduling order deadlines were firm.  For all of these reasons, the parties have not established that they were diligent in attempting to meet existing deadlines, and therefore the court denies the motion to the extent the parties seek an extension of discovery deadlines.

Nonetheless, the parties are free to stipulate to conducting discovery after the May 15 discovery deadline so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations. *See Eppley v. SAFC Biosciences, Inc*., No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (Rule 29(a) allows the parties to stipulate to depositions occurring after the discovery deadline).  The court urges the parties to utilize such stipulations to move this case

forward.   However, under these circumstances the court will not be available to resolve any disputes that may arise during the course of such extended discovery.

That said, the state of affairs makes it impractical to proceed with any pretrial-conference-related activities or dispositive motions.   Accordingly, the court grants the motion to the extent that the court will vacate the May 22 deadline to submit a proposed pretrial order, cancel the June 3 pretrial conference, and vacate the June 26 deadline to file dispositive motions and motions challenging admissibility of expert testimony.   The court orders the parties to file, by June 19, a joint status report advising the court of the status of discovery and when they anticipate discovery will be complete so that the court can determine when to reset these vacated deadlines and the pretrial conference.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Enlargement of Time to All Remaining Deadlines and Vacation of Pretrial Conference (ECF 36) is granted in part and denied in part.   The court vacates the deadlines to submit a proposed pretrial order, file dispositive motions, and file motions challenging admissibility of expert testimony and cancels the pretrial conference.

**IT IS FURTHER ORDERED** that the parties must file, by **June 19, 2026**, a joint status report as to the status of discovery and when they anticipate discovery will be complete.

**IT IS SO ORDERED.**

Dated May 19, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

4