IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | |
|---|---|
| FIRST BAPTIST CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 6:25-cv-01220-JWB-ADM |
| ) | |
| BROTHERHOOD MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Order of May 19, 2026 (ECF 37), Plaintiff First Baptist Church ("Plaintiff" or "the Church") and Defendant Brotherhood Mutual Insurance Company ("Brotherhood" or "Defendant"), by and through their respective counsel of record, respectfully submit this Joint Status Report advising the Court of the current status of discovery and the parties' anticipated timeline for completion.

## I.    BACKGROUND

The Court's May 19, 2026 Order granted in part and denied in part the parties' Joint Motion for Enlargement of Time (ECF 36). While the Court declined to formally extend the May 15, 2026 discovery deadline for lack of good cause, it vacated the following deadlines and directed the parties to file this report:

1.    Proposed Pretrial Order (previously due May 22, 2026);

2.    Pretrial Conference (previously set for June 3, 2026); and

3.    Dispositive Motions and Motions Challenging Admissibility of Expert Testimony (previously due June 26, 2026).

1

The Court authorized the parties to conduct additional discovery by stipulation pursuant to Fed. R. Civ. P. 29(a), provided such discovery does not interfere with other court-imposed deadlines or delay the briefing of dispositive motions. Counsel for the parties conferred regarding the status of discovery and the contents of this report and jointly submit it for the Court's consideration.

## II.    STATUS OF DISCOVERY

### A.    Written Discovery

Written discovery has been substantially completed. Brotherhood responded to Plaintiff's written discovery and produced documents on April 9, 2026. Plaintiff's responses to Brotherhood's written discovery were served after the close of the formal discovery period, having been extended thirty days by mutual agreement. The parties do not anticipate further disputes regarding written discovery.

### B.    Completed Depositions

To date, the following deposition has been completed:

1.    Deposition of Rachel Ford (Brotherhood's desk adjuster already taken by Plaintiff on April 14th, 2026).

### C.    Outstanding Depositions

The following depositions remain outstanding. The parties intend to complete them by stipulation pursuant to Rule 29(a).

Depositions Plaintiff Seeks to Take:

1.    David Taylor, P.E. (Defendant's Retained Expert / Engineer, Nederveld, Inc.) — DISPUTED. Mr. Taylor's deposition was noticed and set for April 30, 2026. He appeared but refused to testify. His firm, Nederveld, Inc., conditioned the deposition on: (a) prepayment of $1,386.00, representing a two-hour minimum at

$693.00/hour; (b) receipt of payment at least one week in advance; and (c) a $500.00 cancellation fee for rescheduling. Plaintiff offered to pay Mr. Taylor's hourly rate for time actually spent, upon invoice following the deposition, but objected to mandatory prepayment, the guaranteed minimum, and the cancellation penalty. Plaintiff filed a Motion to Strike (ECF 34), which the Court denied without prejudice pending a discovery conference (ECF 35). Plaintiff separately requested a discovery conference with Judge Mitchell on May 15, 2026, regarding this dispute and the dispute described in item 2 below. The parties disagree as to whether Fed. R. Civ. P. 26(b)(4)(E) permits Defendant's conditions.

2. Greg Barnhart (Defendant's Field Adjuster / Designated Witness) — DISPUTED. Plaintiff began requesting deposition dates for Mr. Barnhart on March 3, 2026, and followed up multiple times through early May. Defendant has not produced Mr. Barnhart, provided available dates, or provided contact information sufficient for Plaintiff to serve a subpoena. Defense counsel advised that Mr. Barnhart was out of state, and later, that he is unwilling to appear. The parties are unable to agree on the appropriate next step. This issue is also subject to the requested discovery conference.

3. Brotherhood's 30(b)(6) Corporate Representative — Deposition has not been scheduled. Plaintiff intends to take this deposition by stipulation.

4. Terry Dorohoff - Former Adjuster — Deposition has not been scheduled. Plaintiff intends to take this deposition by stipulation.

3

Depositions Defendant Seeks to Take:

1.    Plaintiff's Non-Retained Expert, Chris Gonzales — A deposition hold was set for May 26, 2026, but was subsequently canceled by Defendant. Defendant intends to reschedule by stipulation.

2.    Plaintiff's Retained Expert, Dimitri Gavas— Deposition has not been scheduled. Defendant intends to take this deposition by stipulation.

3.    Plaintiff's 30(b)(6) Corporate Representative — Deposition has not been scheduled. Defendant intends to take this deposition by stipulation.

4.    Plaintiff's Retained Expert, John Choquette — Deposition has not been scheduled. Defendant intends to take this deposition by stipulation.

### III.    PENDING DISCOVERY DISPUTE — REQUEST FOR DISCOVERY CONFERENCE

As noted above, a separate dispute exists regarding the depositions of David Taylor, P.E. and Greg Barnhart. On May 15, 2026, Plaintiff requested a discovery conference with the Court pursuant to D. Kan. Rule 37.1(a) and the Court's May 14, 2026 Order (ECF 35). The Court's chambers provided available dates. The parties are in the process of coordinating a mutually available time to present this dispute to the Court. Plaintiff's proposed dates are June 26 (2:00 p.m.), June 30 (2:00 p.m.–4:00 p.m.), and July 1 (10:00 a.m.). As of the date of this report, defense counsel has not yet confirmed availability.

Resolution of the discovery conference will bear directly on the timeline to complete the Taylor and Barnhart depositions, and therefore on the dates proposed below.

### IV.    ANTICIPATED COMPLETION OF DISCOVERY

Subject to resolution of the pending discovery disputes and the scheduling of all remaining depositions, the parties anticipate that discovery can be substantially completed on or before August 15th, 2026.

4

The parties respectfully request that the Court reset the following deadlines upon receipt of this report:

    a.  Proposed Pretrial Order;

    b.  Pretrial Conference; and

    c.  Dispositive Motions and Motions Challenging Admissibility of Expert Testimony.

## V.    CONCLUSION

The parties remain committed to completing discovery and bringing this matter to resolution. They respectfully request that the Court take note of the status described herein and enter an order resetting the vacated pretrial and dispositive-motion deadlines upon confirmation of the anticipated discovery completion date.

Respectfully submitted,

| | |
|---|---|
| */s/ Nathaniel K. Scearcy* | /s/ *James P. Maloney* |
| Nathaniel K. Scearcy KS#27561 | James P. Maloney KS #22926 |
| Sifers Jensen Palmer, LLC | Samantha R. Patterson |
| 1901 W. 47th Place, Suite 200 | Baker Sterchi Cowden & Rice LLC |
| Westwood, KS 66205 | 2400 E Pershing Road, Suite 500 |
| 816-819-3880 | Kansas City, Missouri 64108-2533 |
| Fax: 417-530-1440 | 816-471-2121 |
| Email: nate@sjplawfirm.com | Fax: 816-472-0288 |
| | james.maloney@bakersterchi.com |
| And | samantha.patterson@bakersterchi.com |

*/s/ Anthony Pastor*
Anthony C. Pastor
National Insurance Advocates
5900 Balcones Drive, STE 100
Austin, TX 78731
Tel: (833) 701-4110
anthony@nia.law

Attorneys for Defendant Brotherhood Mutual
Insurance Company

Attorneys for Plaintiff First Baptist Church

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, a true and correct copy of the foregoing Joint Status Report was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Nathaniel K. Scearcy
Nathaniel K. Scearcy