UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIRST BAPTIST CHURCH,

    Plaintiff,

    v.

BROTHERHOOD MUTUAL INSURANCE
COMPANY,

    Defendant.

Case No. 25-1220-JWB-ADM

## ORDER

On July 1, 2026, the court convened a discovery conference to discuss disputes that have arisen with respect to several witnesses for defendant Brotherhood Mutual Insurance Company ("Brotherhood") that plaintiff First Baptist Church ("the Church") seeks to depose. This order is intended to memorialize certain statements and rulings made by the court during the conference, the reasons for which are stated more fully on the record.

1.    **David Taylor, P.E., Brotherhood's Expert.**  Mr. Taylor has refused to testify unless (a) the Church made advance payment of $1,386.00, representing a two-hour minimum at $693 per hour; (b) receipt of payment no less than one week before the deposition; and (c) a $500 cancellation fee if the deposition was rescheduled without five business days' notice. The court told the parties that, pursuant to Fed. R. Civ. P. 26(a)(1) and 26(b)(4)(E), the Church need only compensate Mr. Taylor at his stated hourly rate for the time actually spent testifying, which would not be known until after the deposition, so advance payment is not possible. The court also advised that, if Mr. Taylor refuses to sit for deposition unless his above-referenced conditions are met, the Church may move to exclude Mr. Taylor at the appropriate time.

1

**2.** **<u>Greg Barnhart, Brotherhood's Field Adjuster.</u>**  To date, Brotherhood has not produced Mr. Barnhart for deposition, provided available dates, or supplied current contact information sufficient for the Church to issue a subpoena.  Further, Mr. Barnhart has recently advised that he is unwilling to appear for a deposition.  Brotherhood's counsel stated they are attempting to contact Mr. Barnhart for his full contact information pursuant to the Church's request.  The court advised the parties to continue conferring and, if the parties are unable to schedule the deposition, the Church may file a motion to exclude this witness pursuant to Fed. R. Civ. P. 37(c)(1).

**3.** **<u>Brotherhood Corporate Representative Deposition.</u>**  The parties and the court also discussed the Church's request to schedule Brotherhood's 30(b)(6) deposition, for which Brotherhood has yet to provide dates.  Brotherhood's counsel stated they are working on identification of an appropriate witness and deposition dates.  The court provided feedback, including pointing out that the court's local rules require only 7 days' notice prior to taking a deposition.  *See* D. KAN. RULE 30.1 ("The reasonable notice provided by Fed. R. Civ. P. 30(b)(1) for taking depositions is 7 days.").

**IT IS SO ORDERED.**

Dated July 1, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

2